UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

USA TROPICALS,

                Plaintiff,

                              ORDER
   - against -
                              CV 2005-5836 (RJD)(MDG)

ZIM AMERICAN ISRAEL SHIPPING, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - X

    Plaintiff has moved for leave to amend the complaint to join Rita Symes and the Ministry of Agriculture Plant Quarantine/Produce Inspection Unit of Jamaica ("Ministry of Agriculture").[1]

## DISCUSSION

    Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be "freely given when

---

[1] As a preliminary matter, I note that I have the authority to decide plaintiff's motion to amend pursuant to 28 U.S.C. § 636(b)(1)(A). See Kilcullen v. New York State Dept. of Transp., 55 Fed.Appx. 583, 584, 2003 WL 151251. at *2 (2d Cir. 2003) (referring to motion to amend as a non-dispositive matter that may be referred to a magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A)); Marsh v. Sheriff of Cayuga County, 36 Fed.Appx. 10, 2002 WL 1159631 (2d Cir. 2002) (holding "that the magistrate judge acted within his authority in denying this motion to amend the complaint") (citing Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 9 n. 2 (1st Cir.2000)); U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099 (9th Cir. 1985); see also Johnson v. Doe, 33 Fed.Appx. 584, 2002 WL 730849 (2d Cir. 2002) (reviewed magistrate judge's order on motion to amend without questioning the magistrate judge's authority); Northern Assurance Co. of America v. Square D. Co., 201 F.3d 201 (2d Cir. 2000) (same). Thus, Fed. R. Civ. P. 72(a) governs any objections to this order.

justice so requires." See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971). Where a moving party has demonstrated "at least colorable grounds for relief," leave to amend should be granted by the district court unless there is: (1) undue delay, (2) bad faith, (3) dilatory motive, (4) undue prejudice, or (5) futility of the amendment. Krumme v. WestPoint Stevens, Inc., 143 F.3d 71, 88 (2d Cir. 1998).

Since there has been no opposition to the motion and the court finds that there has been no undue delay, bad faith or prejudice to the other parties, the motion to join Rita Symes as a defendant is granted. See Block v. First Blood Association, 988 F.2d 344, 350 (2d Cir. 1993). However, I am constrained to raise the question whether this Court has subject matter jurisdiction over plaintiff's claims against the Ministry of Agriculture, which is clearly an arm of a foreign state and generally immune from suit under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1601, et seq. See United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meridien Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (court may sua sponte raise the issue of subject matter jurisdiction at any time). Recognizing that the Ministry of Agriculture is covered under the FSIA, plaintiff argues that joinder is permitted under the "commercial activity" exception of the FSIA.

Under the FSIA, "a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter

jurisdiction over a claim against a foreign state." <u>Saudi Arabia v. Nelson</u>, 507 U.S. 349, 355 (1993). The exception at issue here, the "commercial activity" exception, provides that a foreign state is not immune from suit in any case "in which the action is based . . . upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." <u>See</u> 28 U.S.C. § 1605(a)(2). The commercial character of an activity is to be determined by reference to its nature rather than its purpose. 28 U.S.C. § 1603(d).

"[W]hen a foreign government acts, not as regulator of a market, but in the manner of a private player within it, the foreign sovereign's actions are 'commercial' within the meaning of the FSIA." <u>Republic of Argentina v. Weltover</u>, 504 U.S. 607, 614 (1992). The key issue is whether "the particular actions that the foreign state performs (whatever the motive behind them) are the 'type' of actions by which a private party engages in 'trade and traffic or commerce.'" <u>Id.</u> Accordingly, a foreign state's exercise of its police powers "has long been understood . . . as peculiarly sovereign in nature." <u>Nelson</u>, 507 U.S. at 361.

Here, plaintiff seeks compensation for damage to a cargo of yams which were transported from Kingston, Jamaica to New York. Proposed Amended Complaint ("PAC") at ¶¶ 7, 16. Plaintiff alleges that the Ministry of Agriculture inspected the produce and packaged it for shipment to plaintiff. <u>Id.</u> at ¶¶ 6, 21.

The Ministry of Agriculture's activity in inspecting produce and ensuring that it is properly prepared and packaged before it

is exported from the country is quintessentially sovereign in nature. See MOL, Inc. v. Peoples Republic of Bangladesh, 736 F.2d 1326, 85 (9th Cir. 1984) ("right to regulate imports and exports [is] a sovereign prerogative" that cannot be exercised by a private party); Velasquez v. General Consulate of Mexico, No. C-92-3745, 1993 WL 69493, at *2 (N.D. Cal. Mar. 4, 1993) ("Neither the actions of the customs official(s) nor the consulate constitute commercial activity since the control of the entry of goods into a nation . . . is one which only a sovereign can perform and is not of a commercial nature"); Bokkelen v. Grumman Aerospace Corp., 432 F. Supp. 329, 334 (E.D.N.Y. 1977) ("denial of import licenses is not type of activity that a business is capable of and is the type of activity normally considered within a government's power"). Regulating exports is an exercise of the government's police power and is not the type of action by which private parties can engage in commerce. See Nelson, 507 U.S. at 362; Weltover, 504 U.S. at 614 (when foreign government acts as regulator of market its actions are not "commercial"). The fact that the produce was to be shipped pursuant to a "contract" with another entity, PAC at ¶ 6, does not transform the Ministry of Agriculture's exercise of its regulatory authority into "commercial activity" under the FSIA. See Weltover, 504 U.S. at 614 ("issue is whether the particular actions that the foreign state performs" are of the type performed by a private party). Plaintiff's claim against the Ministry of Agriculture clearly arises from the Ministry's exercise of its police powers, rather than from a contract. See

Nelson, 507 U.S. at 358 (personal injuries "and not the arguably commercial activities that preceded their commission form the basis of Nelson's suit").

Since plaintiff's claim is not subject to the "commercial activity" exception, it is not exempt from the FSIA's general grant of immunity.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend is granted with respect to Rita Symes and denied with respect to the Ministry of Agriculture. Plaintiff must file an amended complaint in accordance with this Order by April 7, 2006 and complete service by April 28, 2006.

Plaintiff must serve a copy of this Order with the Amended Complaint. Within two weeks after each new defendant appears in this action, each current party must serve the new defendant with copies of all pleadings and discovery demands and responses that such party had previously served in this action.

A new discovery schedule will be discussed at the next scheduled conference on June 30, 2006 at 11:00 a.m.

The parties are advised that any objections to this order must be addressed to the Honorable Raymond J. Dearie and filed by April 13, 2006.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE